**IT IS ORDERED as set forth below:**

Date: August 9, 2022



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-54965-LRC |
| | : | |
| MICHAEL SCOT FLECK, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER AUTHORIZING SETTLEMENT BETWEEN TRUSTEE AND JPMORGAN
CHASE BANK, N.A. UNDER RULE 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE**

On July 1, 2022, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of Michael Scot Fleck ("**Debtor**"), filed a *Motion for Order Authorizing Settlement between Trustee and JPMorgan Chase Bank, N.A. under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 30] (the "**Motion**") and related papers with the Court, seeking an order, among other things, approving a settlement agreement (the "**Settlement Agreement**") between Trustee and JPMorgan Chase Bank, N.A. ("**Chase**" and with Trustee, the "**Parties**") related to the Debtor's former interest in certain improved real property with a common address of 819 Durant PL, NE, #8, Atlanta, Georgia (the "**Property**") and the

18167671v1

alleged security interest of Chase in the same. More specifically, under the terms of the Settlement Agreement, *inter alia*,[1] within 10 days of the Settlement Approval Order[2] (i.e., this Order) becoming a final order, Chase shall cause First American Title Insurance Company, on behalf of Chase, to pay Trustee $87,500.00 in good funds (the "**Settlement Funds**") in one lump sum payment by delivering an official check to Trustee in the amount of $87,500.00. Also, the Parties stipulate and agree that effective upon Trustee's receipt of the $87,500.00 Settlement Funds from Chase, Chase shall have a non-priority, timely filed, general unsecured claim in the amount of $87,500.00 in the Bankruptcy Case against the Bankruptcy Estate. Moreover, Trustee and the Bankruptcy Estate, on the one hand, and Chase, on the other hand, grant broad releases to one another. Finally, within ten (10) business days of the later of: (a) the Settlement Approval Order becoming a final order, or (b) Trustee's receiving the Settlement Funds from Chase, Trustee and Chase shall file a stipulation, or other necessary paper, seeking dismissal with prejudice of the claims that Trustee has raised against Chase in the adversary proceeding styled as *Hays v. JPMorgan Chase Bank, N.A., et al.* (Adv. Pro. No. 21-5150-LRC). The exact terms of the Settlement Agreement are set forth on Exhibit "A" to the Motion.

Also on July 1, 2022, Trustee filed a *Notice of Motion for Order Authorizing Settlement between Trustee and JPMorgan Chase Bank, N.A. under Rule 9019 of the Federal Rules of Bankruptcy Procedure; Deadline to Object; and for Hearing* [Doc. No. 31] (the "**Notice**") regarding the Motion, in accordance with the Second Amended and Restated General Order No.

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Settlement Agreement.

18167671v1

24-2018, and setting a hearing on the Motion for August 11, 2022 (the "**Hearing**").  Counsel for Trustee certifies that he served the Notice on all requisite parties in interest on July 1, 2022. [Doc. No. 32].

No objection to the relief requested in the Motion was filed prior to the objection deadline provided in the Notice and pursuant to the Second Amended and Restated General Order No. 24-2018.

The Court having considered the Motion and all other matters of record, including the lack of objection to the relief requested in the Motion, and, based on the forgoing, finding that no further notice or hearing is necessary; and, the Court having found that good cause exists to grant the relief requested in the Motion, it is hereby

**ORDERED** that the Motion is **GRANTED**: the Settlement Agreement is approved and its terms are incorporated into this Order.  It is further

**ORDERED** that Trustee may take any other actions necessary to satisfy the terms of the Settlement Agreement. It is further

**ORDERED** that this Court retains jurisdiction to (i) interpret, implement, and enforce this Order, (ii) resolve any disputes regarding or concerning the Settlement Agreement, and (iii) enter such other and further orders as may be necessary, just, or proper as an aid to enforcement or implementation of this Order.

**[END OF DOCUMENT]**

18167671v1

**Order prepared and presented by**:

ROUNTREE LEITMAN KLEIN & GEER LLC
*Proposed Substitute Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
    Michael J. Bargar
    Georgia Bar No. 645709
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329
Telephone: (404) 410-1220
Email: mbargar@rlkglaw.com

**Identification of entities to be served:**

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Stephanie K. Sheppard
Sheppard Legal Services, LLC
1141 Sheridan Road, NE
Atlanta, GA 30324-3714

Michael Scot Fleck
518 Grist Valley Lane
Cary, NC 27518

Tania R. Tuttle
McLain Merritt
11625 Rainwater Drive, Ste 125
Alpharetta, GA 30009

Michael J. Bargar
Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, GA 30329

18167671v1